## PennDOT v. Anthos

*Charles McCardell, assistant counsel-in-charge,* for PennDOT.
*Richard E. Meanix,* for defendant.

WOOD, *J.,* March 18, 1991—This license suspension appeal involves a three-month suspension of operating privileges imposed by a judge of this court as part of an order by which he admitted defendant into our county ARD program following her first arrest for driving under the influence in violation of 75 Pa.C.S. §3731. The question is whether or not it is up to the court to set the parameters of that suspension, or up to the Department of Transportation. I am satisfied that the responsibility for setting the time period of suspension is the responsibility of the court and not of the Department of Transportation.

To recapitulate the facts quickly, Brenda Anthos was picked up for driving under the influence in violation of section 3731, and applied to the district attorney for permission to go into the accelerated rehabilitative disposition program: 75 Pa.C.S. §3731(e)(6). She was approved by the district attorney for ARD, and her application was taken before Judge Shenkin of our court on March 20, 1990. On that date, as part of his order admitting her to ARD, Judge Shenkin directed that her Pennsylvania driving privileges be suspended for a period of three

months beginning March 20, 1990. As a result of that order, I find as a fact that Mrs. Anthos did not drive in Pennsylvania until June 20, 1990.[1]

Unfortunately, our Clerk of Courts was not able to send the record of Judge Shenkin's order on to the Department of Transportation until April 24, 1990. The department thereupon determined that the three-month suspension should begin June 12, 1990, and sent a letter to that effect to Mrs. Anthos. Since the effect of the department's determination would have been to extend her suspension period beyond June 20, 1990, Mrs. Anthos appealed the department's determination, insofar as it affected any time past June 20, 1990.

In arguing the case before me, both the Commonwealth and Mrs. Anthos point to various sections of the Vehicle Code: section 1532, section 1540, and section 1541, and the DUI statute itself, section 3731.[2] I think a fair reading of those sections indicates that insofar as a suspension of privileges arises out of an admission into an ARD program, the responsibility for setting the parameters of the suspension lies with the judge in charge of the case. Insofar as the suspension of privileges arises out of a conviction for a violation of the Vehicle Code (which is not the case with an ARD application), the responsibility for setting the parameters lies with the Department of Transportation.

My reasoning is as follows: section 3731(e)(6) of the Vehicle Code says that: "the *judge* shall impose . . . (ii) a mandatory suspension of operating privi-

---

1. Apparently Mrs. Anthos maintained a Delaware license during this period, even though she lived in Pennsylvania. Although this discrepancy was not an issue in this case, I seriously wonder whether she was not obliged to get a Pennsylvania license: 75 Pa.C.S. §§1501, 1502.

2. 75 Pa.C.S. §§1532, 1540, 1541, and 3731.

legé" of not less than one nor more than 12 months. (emphasis supplied) On the other hand, sections 1532, 1540, and 1541 are part of a subchapter of the Vehicle Code (subchapter b) which sets forth a "comprehensive system for driver education and control." Section 1532 starts off by granting authority to the department to impose suspensions and revocations of privileges following *convictions* for various violations of the Vehicle Code. Section 1540(a) also grants authority following convictions. Section 1540(b) does not mention convictions; it says that "upon the suspension . . . of the operating privilege. . ., the department shall . . . notify the person . . . [and] the suspension . . . shall be effective upon a date determined by the department." However, in my estimation, this particular subsection, placed as it is in the context of a subchapter dealing with the suspensions and revocations following convictions, relates solely to such suspensions and revocations, and not to those suspensions arising as part of the ARD process. To complete the circle, section 1541(a), although it concerns the commencement of the period of suspension, refers back to section 1540, which, as I have noted, depends on a prior conviction.

Consequently, I am of the opinion that Mrs. Anthos has fully served the suspension which Judge Shenkin imposed on her in connection with the ARD proceedings held March 20, 1990, and that the Department of Transportation had no authority to amend the dates of that period of suspension. I might add that I consider my conclusions in this regard to be consistent with the conclusions reached by Judge Sugerman in *PennDOT v. Sullivan*, 7 D.&C. 4th 653 (1990).

## ORDER

And now, March 18, 1991, the appeal of Brenda D. Anthos is sustained, and the suspension order issued by the Department of Transportation is set aside.